FILED

UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:14-cv-83-ORL-37-GJK          PM 2:31

PAMELA TRAVAGLIO, an individual,
on behalf of herself and all others similarly situated,

Plaintiff,

**CLASS ACTION**

-vs-

GE CAPITAL RETAIL BANK, a national
banking association, and ALLIED INTERSTATE, LLC,
a Minnesota limited liability company,

Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Pamela Travaglio, an individual, on behalf of herself and all others similarly situated, by and through her undersigned attorneys, sues Defendants, GE Capital Retail Bank, a national banking association, and Allied Interstate, LLC, a Minnesota limited liability company, and alleges:

## INTRODUCTION

1.      This class action involves the illegal placement of calls by GE Capital Retail Bank ("GECRB") and Allied Interstate, LLC ("Allied") to hundreds if not thousands of cell phone subscribers using automatic telephone dialing system or artificial or prerecorded messages. GECRB uses its automated dialers and systems in a predatory way to repeatedly and continuously call consumers to collect accounts. In the course of these collections, it often wrongly contacts individuals who owe no money or never consented to receiving calls from GECRB.

1

2.     In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. §227, Congressional Statement of Findings #5. In 2003, the Federal Communications Commission issued rules clarifying the prohibition on automated and prerecorded calls to cell phones.

3.     The guiding principal of the TCPA is the need to protect the consumer from automated or prerecorded telephone calls which as the FCC noted, as found by Congress, were a "greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient." See *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1999*, F.C.C. 07-232, 23 F.C.C.R. 559 (Dec. 28, 2007; released Jan. 4, 2008).

4.     Beginning in 2013, GECRB and Allied barraged Ms. Travaglio with collections on an account that was not hers and she did not owe. This case is filed on behalf of Pam Travaglio and a class of similarly situated individuals for damages and to stop GECRB's and Allied's practice of placing cell phone calls to non debtors and other individuals who have not consented to be contacted in this manner.

## JURISDICTION

5.     This Court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d), the TCPA, 47 U.S.C. § 227 *et seq.,* and 28 U.S.C. §§1331, 1337.

## PARTIES

6.     At all times material hereto, Plaintiff, Pamela Travaglio ("Ms. Travaglio"), is a

2

natural person and a resident of Lake County, Florida.

7.      At all times material hereto, GECRB is a federal savings bank headquartered in Draper, Utah that conducts a nationwide business.

8.      At all times material hereto, Allied is a debt collection company which regularly collects debts owed to another and therefore meets the definition of a "debt collector" under the FDCPA 15 U.S.C. § 1692a(6).

9.      At all times material hereto, GECRB contracted with Allied to collect its accounts.

## VENUE

10.     The transactions and occurrences which give rise to cause of action occurred in Lake County, Florida.

11.     Venue is proper in the Middle District of Florida.

## GENERAL ALLEGATIONS

12.     Ms. Travaglio maintains a cellular telephone through a cell phone  carrier.

13.     The service for Ms. Travaglio's cellular phone is via a "cellular telephone service" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

14.     Ms. Travaglio maintains her cell phones to maintain personal contacts with family and friends and for emergency contact.

## GENERAL ALLEGATIONS RELATING TO GECRB

15.     In the beginning of 2013, GECRB launched a collection campaign against Ms. Travaglio calling her on her cell phone to collect a GECRB account that was not owed by her.

16.     Rather, on information and belief, GECRB was seeking to contact her husband, Tom Travaglio ("Mr. Travaglio"),  to collect on an account for which he was the sole account holder.

3

17.     Throughout the next months, GECRB called Ms. Travaglio repeatedly and continuously in an attempt to collect the debt.

18.     GECRB  placed multiple calls to her in a day - - up to seven in a day - - and often the calls were only minutes apart.

19.     Ms.  Travaglio was not the GECRB account holder and did not owe any money on the account.

20.     Ms. Travaglio never provided her cell phone number to GECRB or granted consent to GECRB to call her number.

21.     Mr. Travaglio never provided GECRB with his wife's cell phone number or granted consent for it to call him at that number.

22.     In each of these calls, GECRB used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to initiate the calls to Pamela Travaglio on her cellular telephone.

23.     In many of the calls, GECRB left or conveyed a prerecorded or artificial voice message.

24.     The calls from GECRB have caused numerous interruptions and disruptions of Ms. Travaglio's work, social engagements, and recreation.

25.     As a result of GECRB's wrongful conduct, Ms. Travaglio has suffered damages.

26.     GECRB falls within the definition of a "person", as defined by 47 U.S.C. § 153(39).

27.     GECRB uses an autodialer system to contact large numbers of persons to collect debts on behalf other creditors.

28.     GECRB  failed to vet or verify that the persons it was calling with its automated dialer are in fact the person who have expressly consented to being contacted via these means.

4

29.     GECRB has been the target of numerous complaints concerning its automated dialing and prerecorded/ artificial voice messaging by persons who have not consented to be contacted via these means.

30.     GECRB did not use its automated dialer or prerecorded voice calls for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(I).

## GENERAL ALLEGATIONS RELATING TO ALLIED

31.     Ultimately, GECRB transferred, assigned or sold the account to Allied.

32.     Allied launched a similarly harassing collection campaign against Ms. Travaglio.

33.     The delinquent balance on the account it sought to collect constituted a "debt" for purposes of 15 U.S.C. § 1692a(5).

34.     Throughout the next months, Allied called Ms. Travaglio repeatedly and continuously in an attempt to collect the debt.

35.     In one eight day period, Allied called Ms. Travaglio over 35 times. In that period it called her four - five times a day in a regular pattern of morning, afternoon and evening.

36.     Ms. Travaglio never gave Allied her consent to call on the account.

37.     Ms. Travaglio told Allied to stop calling her.

38.     Allied did not honor request and the calls continued.

39.     In each of these calls, Allied used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to initiate the calls to Ms. Travaglio on her cellular telephone.

40.     In many of the calls, Allied left or conveyed a prerecorded or artificial voice message.

41.     The cell phone calls to Ms. Travaglio placed in violation of the TCPA are in violation of the FDCPA's prohibition on unfair or unconscionable means to collect a debt in 15

5

U.S.C. § 1692f.

42.    The calls from Allied have caused numerous interruptions and disruptions of Ms. Travaglio's work, social engagements, and recreation.

43.    As a result of Allied's wrongful conduct, Ms. Travaglio has suffered damages.

### GECRB CLASS DEFINITION

44.    Ms. Travaglio bring this action on behalf of herself and a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

45.    Ms. Travaglio propose to represent the following classes:

a.    Autodialer Class –

    i.    All persons residing in the territorial United States, excluding the Court and its staff;

    ii.    Who subscribe to a cellular telephone;

    iii.    Whose cellular telephone number appears in GECRB's collection or auto dialing records in association with the use of an automated telephone dialing system; and

    iv.    Where those records reflect calls to that cell phone number in the period starting four years prior to the filing of this suit through the date of certification.

    v.    Excluding all persons for whom GECRB is in possession of a signed credit application listing the cell phone number of the debtor that GECRB called.

b.    Prerecorded Message and Artificial Voice Class –

    i.    All persons residing in the territorial united states, excluding the Court and

6

    its staff;

  ii.  Who subscribe to a cellular telephone;

  iii.  Whose cellular telephone number appears in GECRB's collection records in association with the use of a prerecorded message or an artificial voice over that cellular phone; and

  iv.  Where those records reflect delivery of a prerecorded or artificial voice message in the period starting four years prior to the filing of this suit through the date of certification.

  v.  Excluding all persons for whom GECRB is in possession of a signed credit application listing the cell phone number of the debtor that GECRB called.

## ALLIED CLASS DEFINITION

46.  Ms. Travaglio brings this action on behalf of herself and a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

47.  Ms. Travaglio proposes to represent the following classes:

a.  Autodialer Class –

  i.  All persons residing in the territorial United States, with the exception of Michigan residents, excluding the Court and its staff;

  ii.  Who subscribe to a cellular telephone;

  iii.  Whose cellular telephone number appears in Allied's collection or auto dialing records in association with the use of an automated telephone dialing system;

  iv.  Where those records reflect a calls to that cell phone number in the period

starting four years prior to the filing of this suit through the date of certification; and

v.     Excluding all persons for whom Allied is in possession of a signed credit application listing the cell phone number of the debtor that Allied called.

b.     Prerecorded Message and Artificial Voice Class –

i.     All persons residing in the territorial United States, with the exception of Michigan residents, excluding the Court and its staff;

ii.    Who subscribe to a cellular telephone;

iii.   Whose cellular telephone number appears in Allied's collection records in association with the use of a prerecorded message or an artificial voice over that cellular phone;

iv.    Where those records reflect delivery of a prerecorded or artificial voice message in the period starting four years prior to the filing of this suit through the date of certification; and

v.     Excluding all persons for whom Allied is in possession of a signed credit application listing the cell phone number of the debtor that Allied called.

## CLASS ISSUES

48.    A search of internet complaints reveals dozens of persons who have complained of similar conduct by GECRB.

49.    A search of internet complaints reveals dozens of persons who have complained of similar conduct by Allied.

50.    Based upon these complaints, it appears that there are – at least – several hundred

8

members of the the GECRB class.

51.     Based upon these complaints, it appears that there are – at least – several hundred class for the Allied class.

52.     The classes are  so numerous as to make it impracticable to join all the disparate members of the class.

53.     This complaint seeks monetary damages under Fed.R.Civ.P. 23(b)(3).

54.     As to GECRB, the class claims in this case present common questions of law and fact including whether:

    a.     GECRB uses an autodialer to collect debts;

    b.     GECRB conveyed a prerecorded or artificial voice message to Ms. Travaglio and the class members' cellular telephones;

    c.     GECRB  had the prior express consent to make calls to Ms. Travaglio and the class members' cellular phones using the prohibited technology; and

    d.     GECRB's conduct was willful.

55.     As to Allied, the class claims in this case present common questions of law and fact including whether:

    a.     Allied uses an autodialer to collect debts;

    b.     Allied conveyed a prerecorded or artificial voice message to Ms. Travaglio and the class members' cellular telephones;

    c.     Allied  had the prior express consent to make calls to Ms. Travaglio and the class members' cellular phones using the prohibited technology;

    d.     Allied's conduct was willful.

9

56.    These common questions predominate over any question affecting only individual class members.

57.    Ms. Travaglio's claims are typical of the claims of the class members.

58.    Ms. Travaglio bases her claims and those on behalf of the class upon the same legal and remedial theories.

59.    Ms. Travaglio will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims in this case.

60.    Ms. Travaglio has suffered similar injuries as the members of the classes that she seeks to represent.

61.    Ms. Travaglio has retained counsel experienced in handling class action suits involving unfair business practices and consumer law.

62.    Neither Ms. Travaglio nor her counsel have any interest which might cause them not to vigorously pursue this action.

63.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

64.    No individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against GECRB or Allied, because the claim amounts are likely small and involve statutory damages under the TCPA.

65.    Management of these claims will likely present few difficulties because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

10

## COUNT I
### Class Claim Against GECRB under the
### Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

66.     Ms. Travaglio incorporates the preceding allegations by reference.

67.     GECRB has  negligently violated the TCPA, 47 U.S.C. § 227 *et seq*.,  in relation to Ms. Travaglio and the class members.

68.     As a result of GECRB's negligent violations of the TCPA, Ms. Travaglio and class members may recover statutory damages of $500.00 for each and every call in violation of the statute.

69.     Alternatively, GECRB has  wilfully violated the TCPA in relation to Ms. Travaglio and the class members.

70.     As a result of GECRB willful violations of the TCPA, Ms. Travaglio and class members may recover statutory damages of up to $1,500.00 per call in violation of the statute.

## COUNT II
### Class Claim Against Allied under the Telephone Consumer
### Protection Act 47 U.S.C. § 227 *Et Seq.*

71.     Ms. Travaglio incorporates the preceding allegations by reference.

72.     Allied has  negligently violated the TCPA, 47 U.S.C. § 227 *et seq*.,  in relation to Ms. Travaglio and class members.

73.     As a result of Allied's negligent violations of the TCPA, Ms. Travaglio may recover statutory damages of $500.00 for each and every call in violation of the statute.

74.     Alternatively, Allied has  knowingly or wilfully violated the TCPA in relation to Ms. Travaglio and class members.

75.     As a result of Allied's willful violations of the TCPA, Ms.Travaglio and class

members may recover statutory damages of up to $1,500.00 per call in violation of the statute.

## COUNT III
### Individual Claim by Pamela Travaglio Against Allied under the Fair Debt Collection Practices Act

76.     Ms. Travaglio incorporates the preceding allegations by reference.

77.     At all times material hereto, Ms. Travaglio is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

78.     At all times material hereto, Allied – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

79.     At all times material hereto, Allied sought to collect a "consumer" debt from Ms. Travaglio.

80.     Allied's actions to collect this alleged debt from Ms. Travaglio violated the provisions of the FDCPA including, but not limited to: 15 U.S.C. §1692d, d(5) and g.

81.     As a result of the violation of the FDCPA, Ms. Travaglio is entitled to actual and statutory damages together with attorney's fees pursuant to 15 U.S.C. §1692k.

        WHEREFORE, Plaintiff, Pamela Travaglio, individually and on behalf of all others similarly situated, requests that this Court:

        A.      Certify this matter as a class action;

        B.      Appoint the undersigned attorneys as class counsel;

        C.      Authorize counsel to issue notice to the class members;

        D.      Grant judgment for damages in the amount of $500.00 per call to the class members;

        E.      Treble those damages for willful violations of the TCPA;

F.    Direct injunctive relief barring further violations by GECRB and Allied;

G.    Determine the attorney fees for counsel based on a common fund recovery; and

H.    Grant such other and further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, Pamela Travaglio, an individual, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
Email: rphyu@aol.com

JULIE A. PETRICK (P47131)
*to be admitted pro hac vice*
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Email: julie@michiganconsumerlaw.com

COUNSEL FOR PLAINTIFFS